In the Matter of the Construction of the Will of AMY S. BRUNER, Deceased.

Surrogate's Court, Monroe County, July 29, 1949.

*Edward M. Ogden* for Richard L. Saunders, as executor of Amy S. Bruner, deceased, petitioner.

*Daniel J. Gallancy* for Ethel M. Locher, respondent.

*Ralph E. Wickins,* special guardian for Helen Davey and another, infants, respondents.

WITMER, S. The executor has petitioned for a construction of the will herein, particularly paragraph "Tenth" thereof which reads as follows: "I give, devise and bequeath to my niece, Ethel Marion Locher, Jackson, Michigan, my farm and home at No. 2655 S. Union St., Town of Ogden, with the furniture, dishes, bedding and farm and house tools and machinery." Petitioner wishes to know what items of personalty, if any, at the testatrix' said premises in the town of Ogden are not bequeathed under said paragraph "Tenth"; and he states that he is uncertain with respect to ten items, namely, (1) a Cadillac automobile, (2) flat silver for table use, (3) glasses and crystal, (4) kitchenware and utensils, (5) mechanical refrigerator and stove, (6) books, (7) clothing, (8) jewelry, (9) power lawn mower, (10) small farm tractor. Respondent, Ethel Marion Locher, the legatee named in paragraph "Tenth", claims that all of said items were therein bequeathed to her. The special guardian in behalf of the infant-residuary legatees claims the contrary.

It is to be observed that the testatrix did not use any of the words frequently found in general bequests of such personalty, such as "all", "household", "personal", "goods" or "effects". She specified certain types of personalty which were bequeathed. She gave no indication that she meant to generalize or to broaden the scope of the words used. Clearly, the Cadillac automobile, books, clothing and jewelry do not pass under these bequests, but form a part of the residuary estate.

The testatrix did use the words "my farm and home" — not house. The word "home" has a somewhat broader connotation than the word "house", and as it is used herein, it has a bearing upon the interpretation to be given to the words descriptive of the personalty bequeathed. "Dishes" and "house tools" are thus broad enough to include flat silver and glass and crystal ware for ordinary table use, and kitchenware and utensils. Although the word "furniture" read alone might not be inclusive of the mechanical refrigerator and stove, when read in connection with the additional words "house tools and machinery", it is apparent that the testatrix meant to bequeath said items thereby. Likewise, the power lawn mower and small farm tractor are bequeathed through the use of the words "farm and house tools and machinery".

Submit decree accordingly.